**CITY OF HICKMAN, Kentucky, Appellant,**

**v.**

**Charles A. STAHR et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 13, 1969.

Brantly D. Amberg, Hickman, for appellant.

John C. Bondurant, Hickman, for appellees.

PALMORE, Judge.

This is a land condemnation proceeding in which the condemnor, City of Hickman, appeals from a judgment entered pursuant to a jury verdict awarding Charles Stahr and others, the landowners, $28,000 for the taking of 22.63 acres of their 172-acre farm tract about ¼ mile southwest of Hickman. The only question is whether the award was excessive.

The farm is almost in the form of a square. The south half is generally uncleared hill land and the north half is flat, rich tillable alluvial soil. The northwest corner fronts on the by-pass highway connecting with Kentucky Highway 94 southwest of the city. The tillable north half of the property is divided by the Illinois Central Railroad, which enters at the northeast corner and runs southwestwardly through it. Roughly speaking, as of the time of the taking there were 33 acres of tillable land north of the railroad, 55 acres of tillable land south of the railroad, and 84 acres of uncultivated hill land to the south of that.

The portion taken consists of 21.8 acres in the middle of the 55 acres of tillable land bordering the south side of the railroad and .8 acres in the form of a passway alongside the railroad right-of-way leading to the northeast corner of the farm. The main body of the parcel condemned extends to the edge, or nearly so, of the hill land, leaving a 19-acre field to the east and a 14-acre field to the west.

The purpose of the taking is the construction and use of a sewage disposal

lagoon into which sewage from the City of Hickman will be pumped and become purified by the natural growth and action of algae, ultimately draining off to the southwest via a pipe under the railroad and a drainage ditch not yet acquired or constructed.

It is not necessary to extend our opinion by a detailed exposition of the evidence. The crux of the matter is that the witnesses for the condemnor did not believe the property had sufficient prospects for industrial development in the reasonably proximate future to justify evaluation as anything more than agricultural land. In other words, it was their opinion that farming was its highest and best use. The witnesses for the landowners having taken the opposite view, resolution of the conflict was a jury function unless the testimony in this respect for the landowners was insubstantial or so clearly against the preponderance of the evidence that reasonable minds would have but one fair choice. We do not find the evidence to have been conclusive one way or the other.

In 1966 a brochure was prepared by the Hickman Development Corporation, the Hickman Chamber of Commerce, and the Kentucky Department of Commerce for the purpose of attracting industrial prospects to the community. (Cf. City of Hickman v. Choate, Ky., 379 S.W. 2d 238, and White v. City of Hickman, Ky., 415 S.W.2d 379.) In that brochure the flat portion of the Stahr farm lying south of the railroad was listed and shown as one of the desirable sites available for industrial development. For a time it was under option to the developmental corporation for that purpose. Though no industrial concern had seen fit thus far to buy the property, as of the time the city decided to acquire the heart of it for a sewage lagoon it was still being shown to the new prospects. Even where lots are being sold like hotcakes some are bought before others. That a particular piece of property has

been advertised but not yet sold may be relevant evidence bearing upon its desirability, but it is by no means conclusive. That the Carborundum Company chose another site does not prove another company would not choose this one. We are satisfied that the evidence of its value for industrial purposes was sufficient to put the issue within the jury's province and to support its verdict.

The judgment is affirmed.

All concur.